UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROSEMARY JENKINS, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **NO. 08-3794** |
| **BOH BROTHERS CONSTRUCTION COMPANY, LLC** | * | |
| | * | |
| | * | **SECTION "L"(3)** |
| | * | |

## ORDER & REASONS

Before the Court is the Motion to Dismiss filed by Defendant Boh Brothers Construction Company, LLC (Rec. Doc. 9). For the following reasons IT IS ORDERED that the Motion is DENIED. Because it is apparent that the Court lacks subject matter jurisdiction over the above captioned case, IT IS FURTHER ORDERED that this case be REMANDED.

## I. BACKGROUND

In 2004, numerous Plaintiffs filed suit against multiple Defendants for damages resulting from nine separate incidents involving the alleged release of chemicals and toxic vapors into the air. These incidents occurred on different dates and at different locations within the Parish of Orleans: first, an alleged rupture of a natural gas line on December 8, 2003, at North Dorgenois Street and Annette Street; second, a possible rupture of a gas line on January 1, 2004, at an unspecified location; third, a possible rupture of a gas line on January 15, 2004, at an unspecified location; fourth, a possible rupture of a gas line on January 26, 2004, at an unspecified location; fifth, a possible rupture of a gas line on February 2, 2004, at an unspecified location; sixth, a possible rupture of a gas line on March 1, 2004, at an unspecified location; seventh, a possible rupture of a gas line on March 15, 2004, at an unspecified location; eighth, an

1

alleged rupture of a natural gas line on August 6, 2004, at Law Street and Dillon Street; and ninth, an alleged tanker truck spill and/or leak on August 18 and/or 19, 2004, in the Algiers neighborhood of New Orleans.

Plaintiffs initially filed suit in the Civil District Court for the Parish of Orleans on December 7, 2004. The petition was captioned "Class Action Petition for Damages," and the petition defined the class as "persons located or residing in the Parish of Orleans and/or within a five (5) mile radius of the incident locations[.]" While the case was pending in the state court, the state court entered an order requiring Plaintiffs' counsel to separate his actions within sixty (60) days. Instead of complying with the state court's order, the Plaintiffs filed their Second Amended Complaint which contained multiple case captions within one document. The Plaintiffs, in their Second Amended Complaint, added claims against Transport Service Company of Illinois ("Transport"). On June 25, 2007, Transport, an Illinois corporation with its principal place of business in Illinois, removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"). On May 5, 2008, this Court ordered Plaintiffs' counsel to separate the actions and file separate complaints for each of the purported class actions.

On June 20, 2008, counsel filed amended complaints in each of the purported class actions. Each new suit was assigned a new case number. The instant case involves Plaintiffs Rosemary Jenkins, Carolyn Augustine, Michael Bean, Angelina Augustine, Marie Augustine, and all others similarly situated complainants.

## II. LAW & ANALYSIS

Pursuant to CAFA, federal district courts have original federal jurisdiction over class actions in which: (1) the putative class includes at least one hundred class members; (2) the

amount in controversy exceeds $5,000,000, exclusive of interests and costs; and (3) at least one member of the plaintiff class is a citizen of a different state than at least one defendant ("minimal diversity"). 28 U.S.C. §§ 1332(d)(2), 1332(d)(5). Under CAFA, a single defendant may remove a class action that meets these three requirements even over the objections of other defendants. *Id.* § 1453(b). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). Federal district courts have the power to consider subject matter jurisdiction sua sponte. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

In this case, Plaintiff's initially filed one large class action in state court. The state court ordered that this class action be severed. Plaintiff's chose not to comply with this severance order and to instead file a Second Amended Complaint which contained multiple case captions within one document. Each of these cases was an individual case asserting discreet class allegations by different plaintiffs against different defendants. The case was removed by Transport, who was not a defendant in this particular individually captioned class action lawsuit. The Defendant in this class action, Boh Brothers Construction Company, is a local defendant. Accordingly, the instant class action does not meet CAFA's requirement of minimal diversity, and was improperly removed. Furthermore, absent a diverse defendant or a federal question, this Court lacks subject matter jurisdiction. Because the case was initially filed in state court and subsequently removed, it must be remanded, not dismissed. 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (Rec. Doc. 9) be and is hereby DENIED. Because it is apparent that the Court lacks subject

3

matter jurisdiction over the above captioned case, IT IS FURTHER ORDERED that this case be REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 13th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE